IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TYRONE A. SWANSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-cv-01046 |
| | ) | JUDGE HAYNES |
| LIFEPOINT HOSPITALS, INC., | ) | |
| NANCY WALKER, | ) | |
| AMY OVERSTREET, | ) | |
| TERRY JOHNSON, and | ) | |
| WILLIAM CARPENTER | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM

Plaintiff, Tyrone A. Swanson, filed this pro se action originally in the Circuit Court of Sumner County against the Defendants: LifePoint Hospital, Nancy Walker, Amy Overstreet and William Carpenter. Plaintiff asserts claims under the Fourteenth Amendment of the United States Constitution alleging fraud, racial discrimination and denial of his equal rights and his right to due process when Plaintiff was not offered continued employment at LifePoint that acquired the former Sumner County Medical Center.

Defendants removed this action to this Court based upon subject matter jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. § 1441 citing Plaintiff's assertion of a Fourteenth Amendment claim. (Docket Entry No. 1, Notice of Removal).

As an initial matter, Plaintiff filed a motion for disqualification (Docket Entry No. 19), but does not offer any factual support to suggest that recusal is necessary or proper. Absent facts

that suggest possible bias, Plaintiff's motions should be denied. Robert v. Bailar, 625 F.2d 125, 129 (6th Cir. 1980).

Also before the Court is Defendants' motion to dismiss (Docket Entry No. 5) contending, in sum, that Plaintiff has failed to plead fraud with particularity; that Plaintiff failed to serve individual Defendants; that Plaintiff failed to state a claim upon which relief can be granted because the individual Defendants are not state actors. Defendants also presented information outside the pleadings that converts Defendants' motion into a motion for summary judgment. Fed. R. Civ. P. 12(d). The Court elects to consider such proof.

Plaintiff did not initially respond to Defendants' motion, but Plaintiff filed a request that was treated as an extension of time and the Magistrate Judge granted Plaintiff an extension. (Docket Entry No. 10). Plaintiff failed to file a response and the Magistrate Judge then entered another Order requiring the Plaintiff to show cause by January 18, 2011 on why Defendants' motion should not be granted. (Docket Entry No. 15). Plaintiff responded by challenging Defendants' notice of removal and asserting that the allegations in his complaint were sufficient to survive a motion to dismiss. (Docket Entry No. 18, Response to Show Cause Order).

As to removal, Plaintiff contends that he failed to receive the Notice of Removal, but Defendants provided a Certificate of Service, that a true and correct copy of the Notice of Removal was served at Plaintiff's last known address by first-class mail. (Docket Entry No. 1, Notice of Removal at 3). Such a showing is sufficient to satisfy the requirements of the Federal and Local Rules. Fed. R. Civ. P. 5(b)(2)(c); Local Rule 5.01. Plaintiff has acknowledged receiving other filings in this action at the address listed in Defendants' Certificate of Service for the Notice of Removal. (Docket Entry No. 11, Motion for Jurisdictional Hearing).

For the reasons set forth below, the Court concludes that the Defendants' motion to dismiss should be granted because Defendants were not acting under color of state law at the time of the events at issue that is necessary for Plaintiff's federal claims.

### A. FINDINGS OF FACT

Plaintiff was an employee of Sumner Regional Medical Center (SRMC). (Docket Entry No. 7, Johnson Affidavit, at ¶ 5). HighPoint Health Systems, a subsidiary of LifePoint, acquired SRMC on September 1, 2010. Id. at ¶¶ 3, 4. Under the purchase agreement, HighPoint conducted pre-employment screenings and drug tests of all SRMC employees to determine whether SRMC employees would be eligible for employment with High Point. Id. at ¶ 6. Thirteen SRMC employees, including Plaintiff, failed their drug test and were not offered employment by HighPoint. Id. at ¶ 7. Of the thirteen who failed, ten were white and three were African-American. Id. The ineligible SRMC employees were notified by a hand delivered letter that their employment with SRMC was terminated and they were not selected for future employment. Id. at ¶ 10. The letter incorrectly stated that LifePoint, rather than HighPoint, determined eligibility. Id.

For his Fourteenth Amendment claim, Plaintiff asserts that the form letter presented to him by Defendant Nancy Walker was fraudulent and his exclusion from the employment process was racially motivated. Id. at 5. In his response to the Show Cause order, Plaintiff stated: "The Cause has been clearly exposed, which [were] the grounds upon which the Plaintiff, Tyrone A. Swanson, pro-se did establish" in his original state court filing. (Docket Entry No. 18, Plaintiff Response to Show Cause Order at 13). Yet, Plaintiff has not presented any proof to support these factual contentions.

3

## B. CONCLUSIONS OF LAW

As to Defendants' motion, Plaintiff's federal claims are predicated upon his belief that Defendants are subject to the Fourteenth Amendment of the Constitution . (Docket Entry No. 1, Complaint at 8). The Fourteenth Amendment applies only to public actors who deprive a person of life, liberty or property interest. Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288, 295 (2001). There are not any factual allegations or proof that at the time of the events, these Defendants were state actors, given that Life Point had acquired the Sumner County facility. Thus, Plaintiff's federal constitutional claims must be dismissed.

Plaintiff also alleges "a racially discriminatory employee practice," (Docket Entry No. 1-1, Complaint at 5), but does not offer any proof nor identify a specific practice beyond his conclusory statements. The undisputed proof is that Plaintiff was one of thirteen employees who were rejected for employment by Life Point when it acquired the Sumner Country Medical facility because of a failed drug test. Of these employees, ten were white and three were African-American. The identical treatment of individuals with different racial backgrounds for the same offense is extraordinarily strong evidence against a discrimination claim in a case built on circumstantial evidence. Younis v. Pinnacle Airlines, Inc. 610 F.3d 359, 363 (6th Cir. 2010) citing McDonnell Douglas Corp. v Green, 411 U.S. 792, 802 (1973).

Finally as to Plaintiff's fraud claim, without a viable federal claim, the Court lacks jurisdiction to decide Plaintiff's state law claim. Wal-Juice Bar, Inc. v. Elliott, 899 F.2d 1502, 1507 (6th Cir. 1990).

For these reasons, Defendant's motion to dismiss and motion for summary judgment (Docket Entry No. 5) should be granted except as to Plaintiff's state law claim.

An appropriate Order is filed herewith.

**ENTERED** this the \_\_5th\_\_ day of April, 2011.

                                                                        WILLIAM J. HAYNES, Jr.
                                                                         United States District Judge